# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2458

———————————————

Gabriel G. Boimah

*Plaintiff - Appellant*

v.

Speedway SuperAmerica LLC

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

——————————

Submitted: February 7, 2013
Filed: March 19, 2013
[Unpublished]

——————————

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

In this diversity case asserting employment-discrimination and other state-law claims, Liberian national Gabriel Boimah appeals following the district court's[1] grant

———————————————

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

of summary judgment to Speedway SuperAmerica LLC (SSA), Boimah's former employer. We affirm.

Summary judgment was proper on Boimah's claims that SSA violated the Minnesota Human Rights Act (MHRA) by discharging him based on his national origin and in reprisal for engaging in protected conduct. Even assuming Boimah presented a prima facie case on both claims, SSA provided evidence that he was discharged for insubordination, and Boimah did not present sufficient evidence for a jury to find that the proffered reason for his termination was a pretext for either national-origin discrimination or reprisal. See Goins v. W. Group, 635 N.W.2d 717, 722-24 & n.3 (Minn. 2001) (for MHRA discrimination claim, once employer demonstrates legitimate business reason for employment action, plaintiff must show reason was pretext for discrimination); Cannon v. Minneapolis Police Dep't, 783 N.W.2d 182, 189-90 (Minn. Ct. App. 2010) (same for MHRA reprisal claim). Next, we conclude Boimah's defamation claim failed because he did not allege that a purportedly false performance appraisal was published to a third party. See Bahr v. Boise Cascade Corp., 766 N.W.2d 910, 919-20 (Minn. 2009) (elements of defamation action). As to his remaining claims, we agree summary judgment was proper for the reasons given by the district court. Finally, we do not review Boimah's challenge to the magistrate judge's discovery order because Boimah did not object to it below. See McDonald v. City of St. Paul, 679 F.3d 698, 709 (8th Cir. 2012) (magistrate judge's order denying motion to compel was unreviewable when party failed to file objection in district court).

Accordingly, we affirm the judgment of the district court.

_____